722 S.E.2d 524

**In the Matter of Wallace A. MULLINAX, Jr., Respondent.**

**No. 27091.**

Supreme Court of South Carolina.

Submitted Dec. 30, 2011.

Decided Feb. 1, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Keith M. Babcock, of Lewis Babcock & Griffin, LLP, of Columbia, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand. In addition, respondent agrees to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the date of the order imposing discipline. We accept the agreement, issue a public reprimand, and order respondent to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the date of this order. The facts, as set forth in the agreement, are as follows.

## *FACTS*

In January 2011, Complainant retained respondent to handle a domestic matter. At the Complainant's direction, respondent filed a separate maintenance action seeking, among other things, possession of the residence, alimony, joint custody of the children, child support, and ancillary relief. After unsuccessful early settlement negotiations, respondent filed an Amended and Supplemental Summons and Notice and an Amended and Supplemental Complaint on February 25, 2011. In the complaint, a request was made for divorce on the statutory ground of habitual use of intoxicants by the Complainant's husband.

Respondent admits that he and the Complainant had sexual relations during the course of his representation of Complainant in the domestic matter. Specifically, respondent admits to having sexual relations with Complainant at his office on April 17, 2011, and at his residence on April 20, 2011.

506

On or about May 4, 2011, respondent received a telephone call from opposing counsel advising that opposing counsel had a report from a private investigator which indicated "inclination" and "opportunity" on the part of Complainant with respondent and also with another individual. On May 4, 2011, after the conversation with opposing counsel, respondent contacted Complainant, told her of the conversation, and advised she would need to obtain new counsel. After receiving the investigator's report, respondent again advised Complainant to obtain a new lawyer and prepared an Order of Substitution of Counsel for Complainant.

On or about May 11, 2011, Complainant picked up her file from respondent's office. Complainant was provided with the order substituting counsel, along with a check from his law firm reimbursing Complainant for all the fees paid to respondent's office.

## *LAW*

 Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.8(m) (lawyer shall not have sexual relations with a client when the client is in a vulnerable condition or is otherwise subject to the control or undue influence of the lawyer, when such relations could have a harmful or prejudicial effect upon the interests of the client, or when sexual relations might adversely affect the lawyer's representation of the client) and Rule 8.4(e) (it is misconduct for lawyer to engage in conduct prejudicial to the administration of justice). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-

pline by Consent and publicly reprimand respondent for his misconduct. Respondent shall complete the Legal Ethics and Practice Program Ethics School within one (1) year of the date of this order.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.